E-FILED
Wednesday, 06 April, 2022  10:11:53 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEANGELO CHRISTENSEN, | ) | |
| | ) | |
| Petitioner-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-3224 |
| | ) | 16-cr-30015 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner Deangelo Christensen's
Amended Motion to Vacate, Set Aside, or Correct Sentence
pursuant to 28 U.S.C. § 2255 (d/e 53).  Petitioner has filed his
motion over three years after his conviction and sentence became
final, but argues that is should still be considered "in the interests
of justice."  As explained below, the Court finds that Petitioner's
§ 2255 Motion is untimely and that equitable tolling is not
warranted.  Therefore, the Court DIMISSES Petitioner's § 2255
Motion (d/e 36) with prejudice and DECLINES to issue a certificate
of appealability.

# I. BACKGROUND

In August 2017, Petitioner pled guilty to possession of a firearm in violation of the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), 26 U.S.C. § 5871.  <u>See</u> August 23, 2017 Minute Entry.  Petitioner pled guilty pursuant to a written plea agreement, in which he waived his right to appeal and to file a collateral attack.  <u>See</u> Plea Agreement (d/e 29) at 9-10.

On February 22, 2018, this Court sentenced Petitioner to a total sentence of 96 months' imprisonment, followed by a three-year term of supervised release.  <u>See</u> Judgment (d/e 46).  Petitioner did not appeal.

In October 2021, Petitioner filed a letter (d/e 51) requesting permission to file a motion under 28 U.S.C. § 2255 despite the fact that more than a year had passed since his sentence was imposed. The Court construed Petitioner's letter as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 52). Petitioner was granted permission to file an amended § 2255 motion, which he did on December 13, 2021.  <u>See</u> (d/e 53).

In Petitioner's Amended § 2255 Motion (d/e 53), he argues that he received ineffective assistance of counsel when counsel: (1) was unprepared at the bond hearing; (2) led Petitioner to believe he would receive a 36-month sentence if he pled guilty, (3) failed to conduct a more thorough investigation prior to advising Petitioner to plead guilty; and (4) failed to negotiate a more favorable plea agreement.  The Government filed a response (d/e 54).  Petitioner has not filed a timely reply, which was due on or before March 1, 2022.  This order now follows.

## II. DISCUSSION

In his motion, Petitioner claims that he received ineffective assistance of counsel.  However, whatever the merits of Petitioner's claim, he has raised it far too late.  A one-year period of limitation applies to § 2255 petitions.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  The timeliness of each claim must be considered independently.  Davis v. United States, 817 F.3d 319, 327 (7th Cir. 2016).

Here, Petitioner's claims are not timely under § 2255(f)(1).  The judgment in this case was entered on February 23, 2018.  His judgment of conviction became final fourteen-days later, on March 10, 2018, when he did not file an appeal.  Petitioner, however, did not file this motion until October 2021, over three and a half years after his conviction became final.

Petitioner's claim is also not timely under § 2255(f)(3).  While Petitioner's claims are rooted in the right to effective assistance of counsel, which was established many years ago in Strickland v. Washington, 466 U.S. 668, 684-86 (1984).  Nor is Petitioner's claim timely under § 2255(f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through

the exercise of due diligence."  Petitioner's claims rely on his personal knowledge of counsel's advice, knowledge he certainly had by the time the judgment was entered.  Finally, Petitioner makes no assertions that his claim is timely under § 2255(f)(2) due to an impediment caused by Governmental action, and the Court finds that it is not.

Petitioner's original letter, argued that the claim should proceed "in the interests of justice."  To the extent he is suggesting that equitable tolling should apply, he has not made a sufficient showing that equitable tolling is warranted.  In exceptional circumstances, a court may find equitable tolling appropriate and deem an untimely § 2255 motion as timely.  The Supreme Court has held equitable tolling is only available if the petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. Diguglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).  The petitioner seeking the tolling has the burden of demonstrating both elements of the Holland test. Carpenter v. Douma, 840 F.3d 867, 870 (7th Cir. 2016) (citing

Page 5 of 11

Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008)).  And, if either element is not met, the petitioner is not entitled to equitable tolling. Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755-56 (2016).  "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted."  Carpenter, 840 F.3d at 870 (citations and quotation marks omitted).

Petitioner's claim that the Court should consider the Motion on the merits "in the interest of justice" is insufficient to meet either element of the Holland test.  Accordingly, because Petitioner does not meet the requirements for equitable tolling, his motion must be dismissed.  See also, Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation.").

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability.  See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues

a certificate of appealability).  A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  The Court does not find that reasonable jurists could disagree with the Court's findings that Petitioner's claim is time-barred.  Accordingly, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, Petitioner Deangelo Christensen's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 53) is DENIED.  The Court DECLINES

to issue a Certificate of Appealability.  This case is CLOSED.  The

Clerk is DIRECTED to prepare the Judgment for filing in this case

and the accompanying administrative case 21-cv-3224.

Signed on this 4th day of April 2022.

/s/ Sue E. Myerscough
Sue E. Myerscough
United States District Judge

## **NOTICE**

Petitioner is informed that if he wishes to contest this Order, he has two options.  He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.  If Petitioner chooses to go straight to the Seventh Circuit, he must file a notice of appeal within 60 days from the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A).  The deadline can be extended for a short time only if Petitioner files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time.  Fed. R. App. P. 4(a)(5)(A), (C).  See also Sherman v. Quinn, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); Abuelyaman v. Illinois State Univ., 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Petitioner will only be allowed to proceed on his appeal if he obtains a certificate of appealability.  Here, the undersigned District Judge has already declined to issue a certificate of appealability.  Thus, Petitioner must request a certificate of appealability from the Court of Appeals pursuant to

Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.  The current cost of filing an appeal with the Seventh Circuit is $505.00.  The filing fee is due at the time the notice of appeal is filed.  Fed. R. App. P. 3(e).  If Petitioner cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal in forma pauperis ("IFP motion") along with a recent statement for his prison trust fund account. See Fed. R. App. P. 24(a)(1)(C).  The IFP motion must set forth the issues Petitioner plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  He will then be required to make monthly payments until the entire filing fee is paid.  28 U.S.C. § 1915(b)(2).

On the other hand, if Petitioner wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  The motion must be filed within twenty-eight (28) days of the entry of judgment, and the deadline cannot be extended.  Fed. R. Civ. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should

reconsider the judgment.  Elustra v. Mineo, 595 F.3d 699, 707 (7th Cir. 2010).  See also Blue v. Hartford Life & Acc. Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped.  Fed. R. App. P. 4(a)(4).  The clock will start anew once the undersigned rules on the Rule 59(e) motion.  Fed. R. App. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii).  To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment.  Carlson v. CSX Transp., Inc., 758 F.3d 819, 826 (7th Cir. 2014); Martinez v. Trainor, 556 F.2d 818, 819–20 (7th Cir. 1977).  Again, this deadline can be extended only on a written motion by Petitioner showing excusable neglect or good cause.